UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NET RESULTS GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRAVELERS EXPRESS COMPANY, INC., )<br>t/a MONEYGRAM, )<br>)<br>Defendant. )<br>) | Case No. 1:06CV01000 (CKK)<br>Case Type: Contract |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

As explained below, Defendant Travelers Express Company, Inc. now known as MoneyGram Payment Systems, Inc. ("MoneyGram) moves to dismiss this action on two grounds. First, MoneyGram moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and/or the doctrine of forum non conveniens because the Agreement between the parties contains a mandatory forum selection clause requiring that "the jurisdictional venue for any proceedings involving this Agreement shall be Hennepin County, Minnesota…" (Compl. Ex. 1 at ¶ 10.5.) Second, MoneyGram moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) because Net Results Group, Inc. ("Net Results") failed to serve an officer, a managing agent or other agent authorized to receive service of process for MoneyGram.

## STATEMENT OF FACTS

1. **The Parties.**

Defendant MoneyGram is corporation with its principal place of business in Minnesota.[1] On approximately July 14, 2005, Plaintiff Net Results entered into a Master Agreement for Professional Consulting Services ("Agreement") with MoneyGram. (Compl. ¶ 5, Ex. 1.) Pursuant to this Agreement, Net Results was to provide auditing services to MoneyGram as specified in certain work orders between the parties. (Compl. ¶ 6.) In this action, Net Results contends that MoneyGram has breached the Agreement because MoneyGram has not made payment to Net Results.[2]

2. **The Mandatory Forum Selection Clause in the Parties' Agreement.**

Paragraph 10.5 of the Agreement between Net Results and MoneyGram contains a choice-of-law and mandatory forum selection clause, which states:

> **Governing Law and Venue**. This Agreement will be construed and enforced in accordance with and governed by the laws of the State of Minnesota; provided, that laws regarding conflicts of laws will not defeat application of the substantive laws of the state of Minnesota. The parties agree to the jurisdiction of the State of Minnesota. The jurisdictional venue for any proceedings involving this Agreement shall be Hennepin County, Minnesota, unless removed to Federal Court in Washington, D.C.

Despite this provision, Net Results filed its Complaint in this Court, and incorrectly alleges that "venue is proper in this Court pursuant to a Master Agreement for Professional Consulting Services." (Compl. ¶ 4.)

---

[1] Travelers Express Company, Inc. was merged into MoneyGram Payment Systems, Inc. earlier this year.

[2] MoneyGram denies all allegations in the Complaint, and will file an Answer stating as such as soon as the matter is correctly venued.

3.  **Improper Service of the Complaint.**

On May 31, 2006, Net Results filed this lawsuit against MoneyGram. Net Results did not serve MoneyGram with the Summons and Complaint until August 16, 2006. (Anderson Affidavit ¶ 3.) On that day, the Complaint was handed to Erin Egesdal, a Compliance and Security Analyst at MoneyGram who is not an officer, a managing agent, or agent authorized to accept service on behalf of MoneyGram. *Id.*

## ARGUMENT

I.  **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FORUM NON CONVENIENS DUE TO THE CONTRACTUAL FORUM SELECTION CLAUSE.**

A.  **Legal Standard.**

Federal courts have long held that forum selection clauses should be enforced. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (holding forum selection clauses to be "prima facie valid" and finding that such clauses "should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"). The presumption in favor of enforcing a forum selection clause applies even if the clause was not the product of negotiation between the parties. *Marra v. Papandreou*, 59 F. Supp. 2d 65, 70 (D.D.C. 1999).

D.C. Federal Courts in particular have consistently held that forum selection clauses should be enforced.[3] *See, e.g. Commerce Consultants International, Inc. v.*

---

[3] In diversity cases, federal procedural law, not state substantive law, applies in considering contractual forum selection clauses.[3] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877-78 (3d Cir. 1995); *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1990). Whether viewed in the context of federal law or Minnesota state law, the forum selection clause should be enforced. The Minnesota Supreme Court has adopted the view taken by the federal courts. *See Hauenstein & Bermeister v. Met-Fab Industries, Inc.*, 320 N.W.2d 886, 890 (Minn. 1982) ("We…hold that when the parties to a contract agree that actions

*Vetrerie Riunite, S.p.A.*, 867 F.2d 697, 700 (D.C. Cir. 1989) (holding that plaintiff had fallen far short of making a showing that would entitle it to "avoid the contractual commitment into which it freely entered."). "Forum selection clauses are to be considered 'prima facie valid and should be enforced unless enforcement is shown by the resisting part to be 'unreasonable' under the circumstances.'" *2215 Fifth Street Associates, LP v. U-Haul International, Inc.*, 148 F.Supp.2d 50, 54 (D.D.C. 2001) quoting *M/S Bremen*, 407 U.S. at 10. When there is a valid forum selection clause in place, "the Court must defer to the expressed intent of the parties unless plaintiff can demonstrate that enforcement would be unjust or that the contract is invalid due to fraud or overreaching." *L & L Construction Associates, Inc. v. Slattery Skanska, Inc.*, No. Civ. 05-1289, 2006 WL 1102814 at * 3 (D.D.C. March 31, 2006) (Yaffe Aff. Ex. A) citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). "The burden of invalidating a forum selection clause is heavy." *Id.* at *4.

The existence of a forum selection clause in a contract between the parties changes the ordinary venue analysis. "Venue is limited…when the parties have previous contracted via a 'forum selection' cause to settle their disputes in a particular forum." *National Development Corp. v. Fenetres MQ, Inc.*, No. Civ. 98-618(TFH), 1998 WL 34313581 at *2 (D.D.C. June 26, 1998) (Yaffe Aff. Ex. B). When a plaintiff has previously agreed that another jurisdiction is the proper venue, that agreement shall stand, absent "some compelling and countervailing reason." *See M/S Bremen*, 407 U.S. at 10.

---

arising from that contract will be brought in a particular forum, that agreement should be given effect unless it is shown by the party seeking to avoid the agreement that to do so would be unfair or unreasonable.") Accordingly, no conflict of law analysis is necessary.

4

If venue in the district of D.C. would otherwise be proper, this Court has held that a motion to dismiss an action based upon a contractual forum selection clause, is properly brought under the doctrine of forum non conveniens. *L & L Construction Associates, Inc.*, 2006 WL 1102814 at *2 (stating, "A Rule 12(b)(3) dismissal for improper forum is an inappropriate mechanism because the question is not whether the chosen venue is proper, but whether there is a more appropriate forum for this suit…[t]he doctrine of forum non conveniens is the most appropriate lens to determine this issue.")[4]

Under the doctrine of forum non conveniens, the Court must determine (1) that the motion is timely, (2) that an adequate forum exists which possesses jurisdiction over the case, (3) that the private and public interests weigh in favor of dismissal and (4) that plaintiff can reinstate its suit in the alternative forum without undue prejudice. *L & L Construction Associates, Inc.*, 2006 WL 1102814 at *2 citing *Pain v. United Tech. Corp.*, 637 F.2d 775, 784-85 (D.C. Cir. 1980). Because the forum selection clause specifies a non-federal forum, a federal court cannot transfer the matter, but must dismiss it without prejudice so that it may be brought in the appropriate forum. *See Salvaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001); 28 U.S.C. § 1404 (providing authority to transfer to another federal court, but not to a state court).

---

[4] If venue in the district of D.C. would be improper, then the Court would evaluate the motion to dismiss as one pursuant to Federal Rule of Civil Procedure 12(b)(3), which authorizes a party, in lieu of answering a complaint, to move for dismissal based on improper venue. *See 2215 Fifth Street Associates*, 148 F.Supp.2d at 58 n.3 (noting the "considerable uncertainty among the federal courts concerning the proper provision with which to give effect to a forum selection clause"). Because diversity jurisdiction exists, the motion is properly viewed as one to dismiss for forum non conveniens. *See L & L Construction Associates, Inc.*, 2006 WL 1102814 at *2.

### B. Plaintiff's Complaint Must Be Dismissed Because The Mandatory Forum Selection Clause Requires Jurisdictional Venue in Hennepin County, Minnesota.

Net Results agreed to a provision mandating that "jurisdictional venue for any proceedings involving this Agreement shall be Hennepin County, Minnesota, unless removed to Federal Court in Washington, D.C." (Compl. Ex. 1, ¶ 10.5.) This type of forum selection clause allows either party to defend an action in their "home" forum. That is, if MoneyGram brought suit against Net Results in Minnesota, then Net Results could remove the action to Federal Court in D.C., allowing Net Results to defend in its home forum.[5] Conversely, if Net Results brings suit against MoneyGram, it must do so in state court in Minnesota, allowing MoneyGram to defend in its home forum. There is no authority in this clause, however, that would allow Net Results to <u>bring</u> the action in D.C. Federal Court. Notwithstanding, Net Results has improperly brought suit in D.C. Federal Court.

Here, the forum selection clause satisfies the four forum non conveniens factors such that the case should be dismissed here and refiled in Minnesota.

#### 1. The Motion to Dismiss is Timely

MoneyGram has timely brought this motion. The Summons and Complaint were allegedly served on August 16, 2006. MoneyGram received an extension of time for which to answer or otherwise respond until September 19, 2006. MoneyGram is raising this objection at its first opportunity. Accordingly, MoneyGram's motion is timely.[6]

---

[5] Presumably, this would occur by removal to federal court in Minnesota and then a transfer of venue to D.C.

[6] Dismissal under forum non conveniens is at the discretion of the Court and may be made at any time. *L & L Construction Associates, Inc.*, 2006 WL 1102814 at *2-3.

2.   An Adequate Forum Exists

The Court must next consider whether Minnesota is an adequate forum. Net Results has sufficient minimum contacts with the state of Minnesota to be subject to jurisdiction there. *See Dent-Air, Inc. v. Beech Mountain Air Service, Inc.*, 332 N.W.2d 904, 906-07 (Minn. 1983). Here, not only did Net Results specifically contractually agree that any dispute would be venued in Minnesota and agreed that it was subject to jurisdiction in Minnesota, it also had the following contacts with the State of Minnesota which make Minnesota an adequate forum: Net Results entered into an Agreement with MoneyGram (based in Minnesota), sent numerous emails to Minnesota, made numerous phone calls to Minnesota, and sent letters to Minnesota.

3.   Private and Public Interests Weigh in Favor of Dismissal

The third forum non conveniens factor is satisfied because the parties agreed to a forum selection clause. The fact that the parties agreed to the forum is the dominant consideration in the determination of this factor. *See M/S Bremen*, 407 U.S. at 15. Dismissal will not prejudice Net Results because the statute of limitations has presumably not yet run on its claim, and an adequate forum exists to bring suit. Moreover, the public interest weighs in favor of enforcing contracts. *National Development Corp. v. Fenetres MQ, Inc.*, 1998 WL 34313581 at *3. ("[E]xcept for cases of extreme inconvenience and difficulty, the enforcement of such forum selection clauses does not contravene, but actually promotes, the public policy of fostering the judicial and economic efficiency, by allowing contracting parties to predict the forum for future disputes.").

4. <u>Plaintiff Can Bring Suit In Alternative Forum</u>

As to the final factor, Net Results "can avoid enforcement of the forum selection clause only if it can demonstrate that it will be deprived of its day in court by trying the matter in [Minnesota] state court." *Id.* at 5. This it cannot do. As described above, Minnesota has jurisdiction over the case, and the statute of limitations on Net Result's breach of contract claim has presumably not run.[7] As the Court stated in *National Development Corp. v. Fenetres MQ, Inc.*:

> The forum selected for this dispute is not some arbitrary location chosen to restrict the parties' access to litigation, but is the jurisdiction where the contracting defendant is located. It is neither unconscionable, nor uncommon for a contracting party to bargain for the "home field" as the sole forum for contractual disputes, even when such designation may put the other party at a geographical disadvantage in litigating such a dispute…the clause does not deprive plaintiffs of their day in court…

*National Development Corp.*, 1998 WL 34313581 at *3 (internal citations omitted).

The forum selection clause in the Agreement is mandatory and exclusive and must be enforced as written because it states that "jurisdictional venue for any proceedings involving this Agreement <u>shall be</u> Hennepin County, Minnesota…" (emphasis added).[8] Therefore, the parties must settle their dispute in Minnesota, unless MoneyGram seeks removal and transfer to D.C. Federal Court.

---

[7] Under Minnesota law, the statute of limitations for a breach of contract claim is six years. Minn. Stat. § 541.05.

[8] *See Atlantic Tele-Network Inc. v. Inter-American Development Bank*, 251 F. Supp. 2d 126, 135 (D.D.C. 2003) (holding that the clause stating "shall submit themselves to the jurisdiction of the courts of Guyana" constituted an enforceable mandatory forum selection clause); *General Electric Co. v. G. Siempelkampt GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994) ( holding that the clause stating that "all" disputes "shall be at the principal place of business of the supplier" constituted mandatory and exclusive

This Court has dismissed similar cases when the plaintiff has brought suit in this Court notwithstanding a forum selection clause mandating another venue. In *L & L Construction Associates*, the contract for services between the parties included a forum selection clause that required all litigation arising out of the contract to be filed in the Supreme Court of the State of New York, County of Queens. But the Plaintiff brought suit in this Court. The Court analyzed the motion as one to dismiss pursuant to forum non conveniens and dismissed the case. *L & L Construction Associates, Inc*, 2006 WL 1102814 at *5. In *Kotan v. Pizza Outlet, Inc.*, the plaintiff brought suit in this Court notwithstanding a contractual clause mandating Pennsylvania state or federal courts as the proper venue. 400 F. Supp. 2d 44 (D.D.C. 2005). This Court transferred the case to Pennsylvania federal court. *Id.* at 51. Likewise, in *2215 Fifth Street Associates*, the plaintiff brought suit in this Court despite a clause requiring that litigation be brought in United States District Court for the District of Arizona.. This Court transferred the case to Arizona. *2215 Fifth Street Associates*, 148 F.Supp.2d at 59.

The same result is warranted here. The case should be dismissed and Net Results should be required to file any dispute in the venue provided for in the Agreement.

---

jurisdiction); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1345-46 (10th Cir. 1992) (holding that clause stating that "venue shall be proper under this agreement in Johnson County, Kansas" was a mandatory clause and venue was properly remanded to Johnson County); *Best Buy Co., Inc. v. Onkyo U.S.A. Corp.*, No. 4-90-677, 1991 WL 156571 at *2 (D. Minn. Aug. 1, 1991) (Yaffe Aff. Ex. C) ("If venue is set forth using the mandatory 'shall', the clause is enforced as written and venue is found to be exclusive in the designated forum.").

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE SERVICE OF THE SUMMONS AND COMPLAINT WAS IMPROPER.

Under Federal Rule of Civil Procedure 12(b)(5), a Court may dismiss a lawsuit for insufficiency of service of process. Federal Rule 4(h) sets forth the requirements of service upon a corporation, with which Net Results failed to comply. As described above, Net Results handed the Summons and Complaint to a Compliance and Security Analyst at MoneyGram on August 16, 2006. *Id.* This individual is not an officer, managing agent or agent authorized by appointment or by law to receive service of process on behalf of MoneyGram. *Id.*

Accordingly, this Court should dismiss the Complaint without prejudice pursuant to Fed. R. Civ. P. 12(b)(5). As was described in section I above, Net Results should be ordered to refile the action in Minnesota and conduct proper service upon MoneyGram pursuant to Rule 4(h).

## CONCLUSION

Because service was improper and Net Results agreed to Minnesota as the jurisdictional venue, MoneyGram respectfully requests that this case be dismissed.

Dated: September 19, 2006.

By /s/ Eric L. Yaffe
Eric L. Yaffe (#439750)
GRAY, PLANT, MOOTY
MOOTY & BENNETT, P.A.
2600 Virginia Avenue, Northwest
Suite 1111
Washington, DC 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250

Kathryn J. Bergstrom (MN#218431)
GRAY, PLANT, MOOTY
MOOTY & BENNETT, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 632-3015

ATTORNEYS FOR DEFENDANT

## PROOF OF SERVICE

I hereby certify that on this 19th day of September, 2006, a copy of the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** was sent via facsimile and first-class mail, postage prepaid, upon:

Richard O. Wolf
Moore & Lee, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia 22102-4225

Attorney for Plaintiff

/s/ Eric L. Yaffe

GP:1993284 v1