Westlaw.

Slip Copy  
Slip Copy, 2006 WL 1102814 (D.D.C.)  
(Cite as: Slip Copy)

Page 1

C  
Briefs and Other Related Documents  
Only the Westlaw citation is currently available.  
United States District Court, District of Columbia.  
L & L CONSTRUCTION ASSOCIATES, INC., Plaintiff,  
v.  
SLATTERY SKANSKA, INC., Defendant.  
No. CIV. 05-1289.

March 31, 2006.

Bradshaw Rost, Tenenbaum & Saas, P.C., Bethesda, MD, for Plaintiff.  
Edmund Michael Amorosi, Smith, Pachter, McWhorter & Allen, Vienna, VA, for Defendant.

### MEMORANDUM OPINION

ROYCE C. LAMBERTH, District Judge.

*1 This matter comes before the Court on defendant's Motion [11] to Dismiss the Amended Complaint pursuant to Rules 12(b)(1), (b)(3), and (b)(6) of the Federal Rules of Civil Procedure. Defendant claims that the forum selection clause in the subcontract agreement makes this venue inappropriate. While defendant stylizes the motion to dismiss under Rule 12, the Court finds that the motion is more properly construed under the doctrine of forum non conveniens. Upon consideration of the parties' submissions and the entire record herein, the Court hereby grants defendant's motion to dismiss.

### BACKGROUND

This action arises out of a construction contract to perform work for Washington Metropolitan Transit Authority ("WMATA") at the New York Avenue Metro station. Lane Construction Corp., a Connecticut corporation and defendant, Slattery Skanska, Inc. a New York corporation, formed a joint venture under the laws of New York, to perform work for WMATA. As part of the bidding process, plaintiff, L & L Construction Associates Inc., entered into a preliminary arrangement with defendant via a "Letter of Intent" on October 3, 2001, whereby the parties agreed that plaintiff would perform work for defendant upon award of the prime contract from WMATA. (Compl.¶ 8.) WMATA awarded the prime contract to defendant's joint venture, who then entered into a subcontract with plaintiff for the completion of certain underground utility work (the "Subcontract"). (Id. ¶¶ 10, 12.) The Subcontract contained a forum selection clause that required all litigation arising out of the Subcontract to be filed in the Supreme Court of the State of New York, County of Queens. (Subcontract, Art. 31, at 25.) The Subcontract also contained a merger clause which states that the Subcontract is the final agreement and all previous negotiations and representations are merged therein. (Subcontract, Art. 32, at 25.)

On June 20, 2005, plaintiff filed suit in this Court alleging breach of the October 3, 2001 Letter of Intent. Plaintiff avers that it was promised four-times more work than it received. On July 17, defendant moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted, arguing that the October 3 Letter of Intent was not an enforceable contract, but merely an agreement to agree. An opposition, reply, and sur-reply followed. Meanwhile, on August 10, 2005, plaintiff moved to amend the complaint, adding an additional count for promissory estoppel, but largely leaving the remaining portions of the complaint unaltered. On August 29, defendant filed a motion to dismiss the amended complaint under Rules 12(b)(1), 12(b)(3), and 12(b)(6). Defendant claims that the forum selection clause in the subcontract requires the parties to litigate in another forum. Plaintiff contends that defendant waived the right to raise the forum selection clause defense because the defense was not asserted in the initial motion to dismiss.

### DISCUSSION

*2 The forum selection clause defense has "evaded precise classification." Marra v. Papandreou, 216 F.3d 1119, 1123 (D.C .Cir.2000). Indeed, many of the circuits have not resolved the issue. See New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG, 121 F.3d 24, 29 (2d Cir.1997); Haynsworth v. The Corp, 121 F.2d 956, 963 (5th Cir.1997). On the other hand, some circuits have viewed the forum selection clause defense under Rule 12: the Ninth Circuit has determined that the forum selection clause defense should be treated as a motion pursuant to Rule 12(b)(3), Kukje Hwajae Ins. Co. Ltd., v. M/V Hundai Liberty, 294 F.3d 1171, 1174 (9th Cir.2002), while the First Circuit treats the defense as a motion

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                         Page 2
Slip Copy, 2006 WL 1102814 (D.D.C.)
(Cite as: Slip Copy)

pursuant to Rule 12(b)(6), *Lambert v. Kysar*, 983 F.2d 1110, 1112 n. 1 (1st Cir.1993). While the District of Columbia Circuit has not ruled on how the forum selection clause defense should be characterized, the *Marra* Court recognized that this defense is most analogous to a forum non conveniens motion or motion for transfer of venue under 28 U.S.C. § 1404. 216 F.3d at 1123.

The doctrine of forum non conveniens is the most appropriate lens to determine this issue. A Rule 12(b)(3) dismissal for improper forum is an inappropriate mechanism because the question is not whether the chosen venue is proper, but whether there is a more appropriate forum for this suit. Similarly, a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction would be inappropriate because there is no dispute about whether the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332. Finally, a Rule 12(b)(6) dismissal for failure to state a claim is not available because disposition of this motion requires review of the Subcontract, not allowed under Rule 12(b)(6) since it is not a pleading. The doctrine of forum non conveniens is an appropriate procedural mechanism for determining this issue because this is one of those rare circumstances where the Court has personal and subject matter jurisdiction, and venue is proper, but there is a more appropriate forum for resolving the dispute. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947); *see also* 15 Charles Allen Wright Arthur R. Miller & Edward H. Cooper Federal Practice and Procedure § 3828, at 387-90 (2d ed.1986).

In granting the motion to dismiss for forum non conveniens, the Court must determine that the motion is timely, that an adequate forum exists which possesses jurisdiction over the case, that the private and public interests weigh in favor of dismissal and that plaintiff can reinstate its suit in the alternative forum without undue prejudice. *Pain v. United Tech. Corp.*, 637 F.2d 775, 784-85 (D.C.Cir.1980).

A. Timeliness

L & L contends that Slattery waived the right to assert a defense based on the forum selection clause by failing to raise it in its first motion to dismiss. However, Rules 12(g) and 12(h) do not apply to the doctrine of forum non conveniens. Rule 12(g) states in pertinent part:
*3 If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except as a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Rule 12(h) states: "(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of service of process is waived if omitted from a motion in the circumstances described in subdivision (g)." Rd. R. Civ. P. 12(h)(1). The plain text of the Federal Rules of Civil Procedure clearly state that the waiver provision of Rule 12(g) only applies to the types of motions permitted by Rule 12, namely, motions to dismiss under 12(b). Rule 12(g) does not apply to motions outside of Rule 12, and thus is not applicable to motions to dismiss under forum non conveniens.

Most importantly, a dismissal under forum non conveniens, like a motion for change of venue under 28 U.S.C. § 1404, is at the discretion of the court and may be made at any time. *Cf. Abiola v. Abubakar*, 267 F.Supp.2d 907, 918 (N.D.Ill.2003) (holding that the objection is not waived by failing to raise the issue in an answer or a motion to dismiss); *accord Spencer v. Alcoa S.S. Co.*, 221 F.Supp. 343, 346 (E.D.N.Y.1963); *Fifth & Walnut, Inc. v. Loew's, Inc.*, 76 F.Supp. 64, 67 (S.D.N.Y.1948;. Limitations on the time period for moving to dismiss only bar a defendant from making the objection at an unreasonable time. *See In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1165 (5th Cir.1987). In addition, courts have denied such motions when granting the motion would unduly prejudice the plaintiff. *See Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 643 (7th Cir.2003).

Here, plaintiff filed the complaint on June 30, 2005. The initial motion to dismiss followed on July 17, and the second motion on August 10. Less than two months elapsed between the filing of the complaint and the raising of the objection. The Court finds that the delay in bringing this defense was not unreasonable to the plaintiff. *Cf. id.* (commenting that a motion made one month before the scheduled time of trial was unreasonable and prejudicial). Furthermore, there is no indication that the plaintiff would be unduly burdened by granting the objection. The plaintiff has not incurred substantial costs in preparing for trial. The only expenses that plaintiff has incurred thus far have been in the regular course of a motions practice and pre-trial discovery. Therefore, the Court finds that the objection of forum non conveniens is timely.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                              Page 3
Slip Copy, 2006 WL 1102814 (D.D.C.)
(Cite as: Slip Copy)

### B. Presence of Adequate Forum

When considering a motion to dismiss based on forum non conveniens, the Court must (1) identify whether an adequate forum exists and (2) balance the relative conveniences to the parties against the presumption in favor of plaintiff's choice of forum. *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676-77 (D.C.Cir .1996). However, when there is a valid forum selection clause in place, the Court must defer to the expressed intent of the parties unless plaintiff can demonstrate that enforcement would be unjust or that the contract is invalid due to fraud or overreaching. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

*4 Since plaintiff reached out to defendant, a New York corporation, sought to enter into a contractual relationship with defendant, and waived the right to raise to objection to the designated forum by agreeing to the forum selection clause, the Court finds that venue in New York is appropriate. *See Kotan v. Pizza Outlet*, 400 F.Supp.2d 44, 48 (D.D.C.2005) (Lamberth, J.). More, plaintiff has not demonstrated that the forum selection clause is otherwise invalid.

The burden of invalidating a forum selection clause is heavy. *See Carnival Cruise Lines v. Shute*, 499 U.S. 585, 591-92 (1991) (commenting that a court is unlikely to set aside a forum selection clause even when the designated forum is remote). Plaintiff has failed to meet its burden. Plaintiff only makes conclusory allegations that the clause was the result of fraud and misrepresentations, but these allegations are insufficient to overcome the strong presumption in favor of enforcing forum-selection clauses. Since New York state court is a proper forum and plaintiff has failed to meet its burden to invalidate enforcement of the forum selection clause, the Court gives deference to the expressed intent of the parties and finds that the New York state court is a proper forum.

### C. Scope of the Forum Selection Clause

Next, the Court must address whether the scope of the Subcontract and its forum selection clause governs the alleged breach. In addressing this question, the Court must "adhere to the objective of the law of contracts whereby the written language embodying the rights and liabilities of the parties, irrespective of the intent of the parties at the time they entered the contract unless the written language is not susceptible of clear and definite undertaking, or unless there is fraud, duress or mutual mistake. *Kyriakopoulos v. George Washington Univ.*, 866 F.2d 438, 444 n. 1 (D.C.Cir.1989). Furthermore, in deciding whether the forum selection clause is enforceable, the Court treats the clause as a contract unto itself. *Marra*, 216 F.3d at 1123. The Court only examines the forum selection clause, making no findings concerning the remaining portions of the contract or the merits of the case. *Id.*

The Court finds that the language of Articles 31 and 32 of the Subcontract, the forum selection and merger clauses, are clear, and the Court need not look beyond the text to interpret the contract. The merger clause states, in relevant parts, "except as expressly set forth herein, there have been no representation by either party to other to induce execution of this Subcontract, and all prior negotiations and understanding with respect to the subject matter are merged herein." (Subcontract, Art. 31, at 25.) The merger clause explains that the Subcontract was the complete and final agreement of the parties. (Subcontract, Art. 31, at 25.) All prior agreements, including the October 3 Letter of Intent, were to be merged into the Subcontract. The Court finds that the parties intended that all disputes arising out of the subject matter of the agreement, *i.e.*, underground utilities work, would be governed by the forum selection clause.

### D. Private and Public Interests

*5 Ordinarily, the Court must consider whether the private interests weigh in favor of granting the motion to dismiss. If the balance is in equilibrium, then the Court looks to the public interest factors. Finally, if the balance favors another forum, the Court must ensure that plaintiff can reinstate the suit in the alternative forum without undue inconvenience or prejudice. *Pain v. United Tech. Corp.*, 637 F.2d at 784-84.

However, the presence of a forum selection clause, once again, changes the analysis. *See Oversees Partners, Inc. v. Progen Musavirlik Ve Yonetim Hismetleri, LTD*, 15 F.Supp.2d 47, 53 (D.D.C.1998). Normally, a court would analyze the private factors keeping in mind the substantial weight of the plaintiff's choice of forum. These private factors include
[T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of

willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions to the enforceability [sic] of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.

*Ott v. Kaiser-Georgetown Cmty. Health Plan, Inc.,* 689 F.Supp. 9, 10 (D.D.C.1988) (citing *Pain,* 637 F.2d at 784-85). However, the forum selection clause is now the dominant factor in the determination. *See Bremen,* 407 U.S. at 15. In *Bremen,* the Supreme Court stated that "in the light of present-day commercial realities and expanding international trade we conclude that the forum selection clause should control absent a strong showing that it should be set aside." *Id.* Plaintiff may escape enforcement of the forum selection clause only if it can demonstrate that it will be deprived of its day in court by trying the matter in New York state court. Plaintiff has not and cannot make that argument. Finally, dismissal will not unduly prejudice L & L as the statute of limitations has not run on the claim. *See* N.Y. C.P.L.R. § 213 (2004) (setting statute of limitations to six years on actions for breach of contract).

The motion is timely, the designated forum is appropriate, the scope of the forum selection clause covers the instant dispute, and the Court will grant defendant's motion.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion [11] and dismisses the action on the basis of forum non conveniens.

A separate Order shall issue this date.

D.D.C.,2006.
L&L Constr. Associates, Inc. v. Slattery Skanska, Inc.
Slip Copy, 2006 WL 1102814 (D.D.C.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1028369 (Trial Motion, Memorandum and Affidavit) Plaintiff's Sur-Reply in Opposition to Defendant's Rule 12(B)(6) Motion to Dismiss the Amended Complaint (Mar. 7, 2006) Original Image of this Document (PDF)
• 2005 WL 3568810 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Defendant's Motion to Dismiss (Sep. 22, 2005) Original Image of this Document (PDF)
• 2005 WL 3560894 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant's Motion to Dismiss the Amended Complaint (Sep. 12, 2005) Original Image of this Document (PDF)
• 2005 WL 3568809 (Trial Motion, Memorandum and Affidavit) Defendant Slattery Skanska's Motion to Dismiss (Aug. 29, 2005) Original Image of this Document (PDF)
• 2005 WL 3568808 (Trial Motion, Memorandum and Affidavit) Plaintiff's Sur-Reply in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss the Complaint (Aug. 23, 2005) Original Image of this Document (PDF)
• 2005 WL 3549395 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Defendant's Motion to Dismiss (Aug. 12, 2005) Original Image of this Document (PDF)
• 2005 WL 3568807 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant's Rule 12(B)(6) Motion to Dismiss the Complaint (Aug. 2, 2005) Original Image of this Document (PDF)
• 2005 WL 3549394 (Trial Motion, Memorandum and Affidavit) Defendant Slattery Skanska's Motion to Dismiss (Jul. 19, 2005) Original Image of this Document (PDF)
• 1:05cv01289 (Docket) (Jun. 28, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.