Westlaw.

Not Reported in F.Supp.                                                                              Page 1
Not Reported in F.Supp., 1998 WL 34313581 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
NATIONAL DEVELOPMENT CORP., et al.,
Plaintiffs,
v.
FENETRES MQ, INC., et al., Defendants.
**No. Civ. 98-618(TFH).**

June 26, 1998.

Kevin I. Goldberg, Goldberg & Finnegan, LLC,
Silver Spring, MD, for Plaintiffs.
Erik Scott Jaffe, Erik S. Jaffe, P.C., Washington, DC,
for Defendants.

*MEMORANDUM OPINION*
HOGAN, J.
**\*1** Pending before the Court is the motion by
defendants Fenetres MQ, Inc., MQ Windows, Inc.
and North Shore Window & Door, Inc. to dismiss the
Amended Complaint. After reviewing the briefs and
materials submitted by the parties, the Court will
grant defendants' motion, because a valid forum
selection clause in the contract in question renders
this Court an improper venue.

I. Background

This case stems from an alleged breach of a contract
between plaintiff National Development Corporation
("NDC"), a renovation and construction company
with its principal place of business in the District of
Columbia, and Defendant Fenetres MQ, Inc.
("FMQ"), a window and door manufacturer with its
principal place of business located in Montreal,
Canada. Initially, Michael Minkoff, a representative
of NDC, met with John Graziano, an agent of FMQ,
to discuss the possibility of purchasing windows and
doors from FMQ. Based on Graziano's
representations, Minkoff went to Montreal on April
15, 1997, where he viewed some of FMQ's products.
The next morning, Minkoff returned to FMQ's office,
where he and Bernard LaPorte, a representative of
FMQ, executed a Preliminary Agreement in the
amount of $182,001.00 for the manufacture and
delivery of windows and doors. Plaintiffs aver, and
defendants do not dispute, that the contract was
signed by Minkoff as he rushed to the airport to catch

his flight home. Upon execution of the contract,
Minkoff also gave LaPorte a check for $55,000,
which, by oral agreement of both parties, was not to
be negotiated until the details of the contract were
worked out at a later date.

Included on the back of the Preliminary Agreement
was a forum selection clause which specified that
"[a]ny dispute regarding the present agreement will
be exclusively submitted to the jurisdiction of the
Court of the district of Montreal, Province of
Quebec." Plaintiffs claim that Minkoff did not read
the contract in detail, because he was rushing to catch
a flight home, and that he was therefore unaware of
the forum selection provision.

On or about April 24, 1997, Minkoff sent a
memorandum to LaPorte stating that FMQ was
authorized to negotiate the check provided that
certain clearly defined conditions were met. FMQ
subsequently negotiated the check, at which point
NDC canceled the contract. As a result of FMQ's
alleged breach of contract, Plaintiffs claim that NDC
was forced to install replacement windows and doors
for the summer at a cost of $29,000, which is
included in the damages they seek to recover.

Plaintiffs served their Complaint in this case on
March 11, 1998, and amended the Complaint on
April 8, 1998. Defendants request dismissal of the
Amended Complaint for lack of subject matter
jurisdiction, lack of personal jurisdiction, improper
venue, and failure to state a claim upon which relief
may be granted.

II. Discussion

The Court will grant defendants' motion to dismiss,
on the grounds that venue is improper. Plaintiffs'
election to file its Complaint in the district of this
Court runs counter to the valid and express forum
selection clause included in the Preliminary
Agreement. Because the Court will dismiss on these
grounds, it need not address defendants' other
arguments.

**\*2** A motion to dismiss is appropriate "only if 'it is
clear that no relief could be granted under any set of
facts that could be proven consistent with the
allegations.' " *Martin v. Ezeagu,* 816 F.Supp. 20, 23

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                   Page 2
Not Reported in F.Supp., 1998 WL 34313581 (D.D.C.)
(Cite as: Not Reported in F.Supp.)

(D.D.C.1993) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *see also Conley v. Gibson,* 355 U.S. 41, 45-6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In evaluating a motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff and give the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States,* 617 F.2d 605, 608 (D.C.Cir.1979).

Venue is generally proper in any district permitted under 28 U.S.C. § 1391. Venue is limited, however, when the parties have previously contracted via a "forum selection" clause to settle their disputes in a particular forum. Such a clause is valid as long as it is not obtained by fraud or coercion, is not unconscionable, and does not contravene public policy. *See Scherk v. Alberto-Culver Company,* 417 U.S. 506, 521, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) (forum selection clauses of contract should be given full effect when a freely negotiated international agreement is unaffected by fraud); *M/S Bremen v. Zapata Off-Shore Company,* 407 U.S. 1, 13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (contractual choice of forum should be held unenforceable if enforcement would contravene strong public policy of forum in which suit is brought). To invalidate a forum selection clause, the party challenging it must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.,* 407 U .S. at 18.

The contract contains an unambiguous forum selection clause; it states that "[a]ny dispute regarding the present agreement will be exclusively submitted to the jurisdiction of the Court of the district of Montreal, Province of Quebec." Plaintiffs do not dispute that the subject matter of their claims fall within the scope of this clause. Thus, plaintiffs' filing in this judicial district directly conflicts with the contract.

In light of the forum selection clause, venue in this district is improper, as long as the clause is enforceable. The Court may choose not to enforce the clause only proper if defendants obtained it through fraud or coercion, if it is unconscionable or contrary to public policy, or if it effectively deprives plaintiffs of their day in court. *See e.g., Bremen,* 407 U.S. at 13-18. Taking the facts alleged in the parties' briefs in a light most favorable to plaintiffs, the Court concludes that none of these conditions applies.

Plaintiffs provide no factual foundation for the Court

to conclude that the contract in question was obtained through coercion or fraud. Defendant FMQ did not compel Mr. Minkoff to sign the agreement; if Mr. Minkoff felt any compulsion, it was created by his own self-imposed pressure to catch his flight. Moreover, plaintiffs do not allege that defendants misrepresented the contractual terms or duped Mr. Minkoff into overlooking the forum selection clause. Instead, the only allegation is that Mr. Minkoff did not read the clause, through his own fault. As a negotiator at arms length, he could expect no fairer treatment than he received.

**\*3** Plaintiffs do not argue that the clause is unconscionable or in conflict public policy, and the Court is hard-pressed to find grounds for such a finding on its own. The forum selected for this dispute is not some arbitrary location chosen to restrict the parties' access to litigation, but is the jurisdiction where the contracting defendant is located. It is neither unconscionable, nor uncommon for a contracting party to bargain for the "home field" as the sole forum for contractual disputes, even when such designation may put the other party at a geographical disadvantage in litigating such a dispute. *See Commerce Consultants International, Inc. v. Vetrerie Riunite S.p.A.,* 867 F.2d 697, 699-700 (D.C.Cir.1989) (upholding forum selection clause contracted by American distributor and Italian manufacturer when obtained through "arms' length" negotiations). Furthermore, except for cases of extreme inconvenience and difficulty, the enforcement of such forum selection clauses does not contravene, but actually promotes, the public policy of fostering the judicial and economic efficiency, by allowing contracting parties to predict the forum for future disputes. *See Carnival Cruise Lines v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (forum selection clause restricting litigation against cruise line to the state courts of Florida effectively reduces passenger fares and conserves judicial resources). Finally, the Court finds that the clause does not deprive plaintiffs of their day in court, as plaintiffs apparently remain free to litigate this dispute in the courts of Montreal, Canada.

Therefore, the Court finds that the forum selection clause in question is valid and enforceable, because it was not obtained through fraudulent or coercive means, it is not unconscionable or contrary to public policy, and it does not deprive plaintiffs of access to the courts for resolution of this dispute.

III. Conclusion

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 34313581 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

The parties to this suit contracted, in unambiguous terms, to settle disputes like this case in the courts of Montreal, Province of Quebec, Canada. Thus, plaintiffs are contractually barred from filing in this district. Since plaintiffs have not shown any reason to invalidate the forum selection clause, the Court will dismiss the Amended Complaint for improper venue. An order will accompany this opinion.

### ORDER

For the reasons stated in the Court's Memorandum Opinion, it is hereby

ORDERED that defendants' motion to dismiss is GRANTED; it is further

ORDERED that this case is DISMISSED WITHOUT PREJUDICE.

D.D.C.,1998.
National Development Corp. v. Fenetres MQ, Inc.
Not Reported in F.Supp., 1998 WL 34313581 (D.D.C.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.