Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 156571 (D.Minn.)
(Cite as: Not Reported in F.Supp.)

Page 1

C

Only the Westlaw citation is currently available.
United States District Court, D. Minnesota, Fourth Division.
BEST BUY COMPANY, INC.
v.
ONKYO U.S.A. CORPORATION.
Civ. No. 4-90-677.

Aug. 1, 1991.

David W. Beehler, Robins, Kaplan, Miller & Ciresi, Minneapolis, Minn., for plaintiff.
Chris Kabella, Moore, Costello & Hart, St. Paul, Minn., and Neil Merkl, Kelley, Drye & Warren, New York City, for defendant.

ORDER

ROSENBAUM, District Judge.

*1 This matter is before the Court on defendant's motion to transfer venue and to dismiss Counts I, II, IV, and V of the complaint, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Oral arguments on this motion were heard April 19, 1991. For the reasons set forth below, defendant's motion to transfer venue to the United States District Court for the District of New Jersey is granted.

Background

Plaintiff Best Buy Company, Inc., (Best Buy) is a retailer of consumer electronics and major appliances. Best Buy is a Minnesota corporation with its principal place of business in Minnesota. Defendant Onkyo, the United States distributor of Japanese-manufactured home audio components, is a New Jersey corporation with its principal place of business in New Jersey.

Operating under a series of "Authorized Dealer Agreements," Best Buy sold Onkyo's products for over twelve years. Article 19(B) of the most recent agreement, executed on August 1, 1988, states, in relevant part:

Dealer agrees that any legal action or proceeding with respect to this Agreement may be brought in the courts of the State of New Jersey or of the United States of America for the District of New Jersey, as Onkyo may elect, and, by execution and delivery of this Agreement, Dealer hereby accepts with regard to any such action or proceeding, for itself and in respect to its property, generally and unconditionally, the jurisdiction for the aforesaid courts....

On August 10, 1990, Onkyo terminated its relationship with Best Buy and discontinued shipments to Best Buy stores. On August 29, 1990, Best Buy filed suit against Onkyo in this district, alleging breach of contract, promissory estoppel, fraud, and state and federal antitrust violations.

Analysis

Defendant brings a motion to transfer venue to New Jersey pursuant to 28 U.S.C. § 1404(a).[FN1] In considering a motion to transfer pursuant to § 1404(a), the Court must consider "a number of case-specific factors," such as the presence or absence of a forum selection clause, convenience of parties and witnesses, access to sources of proof, and the "interests of justice." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Application of these standards to the facts of this case clearly favor transfer.

The Court turns first to the presence or absence of a forum selection clause in the parties' written agreement. While the presence of a forum selection clause is not dispositive, it is "a significant factor that figures centrally in the District Court's calculus." Id. Neither party challenges the validity of the agreement. Instead, the parties' dispute centers on whether or not the agreement, and specifically Article 19(B), designates the proper forum for this lawsuit.

Plaintiff makes three basic arguments in opposing transfer. Plaintiff argues, first, that the agreement has no effect on this lawsuit because it expired on August 1, 1989.[FN2] Defendant responds that the agreement still controls because the parties continued their course of dealing beyond the expiration date.

*2 Although the parties' intent is now in dispute, they are bound by the objective manifestations of their intent at the time of the agreement. J.I. Hass Co. v. Gilbane Building Co., 881 F.2d 89, 92 (3rd Cir.1989), cert. denied, 110 S.Ct. 1135 (1990).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1991 WL 156571 (D.Minn.)  
**(Cite as: Not Reported in F.Supp.)**

Page 2

Under New Jersey law,[FN3] courts ascertain objective intent by examining the language of a contract or agreement in light of the circumstances surrounding the transaction. *Dome Petroleum Ltd. v. Employers Mutual Liability Insurance Co.,* 767 F.2d 43, 47 (3rd Cir.1985).

Turning first to the language of the agreement, no provision explicitly addresses whether or not any agreement terms survive expiration or termination. The specific term in question, Article 19(B), however, applies to "any legal action or proceeding with respect to this Agreement." No additional language limits 19(b) to legal actions brought before the expiration of the agreement.

As for the circumstances surrounding the agreement, the parties continued to conduct business well beyond the agreement's formal expiration date.[FN4] Plaintiff has submitted no evidence of the parties' intent to transact this ongoing business outside the agreement. As such, the Court finds that the parties' written agreement and course of conduct reflect an intent to allow at least one term of the agreement, Article 19(B), to apply after expiration.

Next, plaintiff contends that its complaint is outside the scope of Article 19 because it alleges antitrust violations. Article 19, by its terms, applies to "any legal action or proceeding with respect to this Agreement." Plaintiffs argue that an antitrust lawsuit is not a proceeding "with respect" to the agreement.

The Court finds that all of plaintiff's allegations arise directly or indirectly from the parties' commercial relationship. That commercial relationship was governed, in its entirety, by the parties' written agreement.[FN5] In fact, a portion of plaintiff's complaint relies directly on the agreement by alleging breach of contract and promissory estoppel. Accordingly, the Court finds the subject matter of this dispute to be within the scope of Article 19(B).

Having found that Article 19(B) of the parties' agreement applies to this lawsuit, the Court considers plaintiff's final argument-determining the effect of the forum selection clause. Plaintiff argues that Article 19(B) is a permissive clause whereby plaintiff merely consented to jurisdiction in New Jersey but did not designate New Jersey as the sole and exclusive venue for disputes. Defendant replies that Article 19(B) is a mandatory clause whereby the parties agreed to vest both jurisdiction and venue exclusively in New Jersey. The Court rejects both these views.

A number of courts have distinguished a mandatory forum selection clause from a permissive clause, giving less weight to the latter when considering a motion to transfer. *See, e.g., Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762, 764 (9th Cir.1989); *McDonnell Douglas Corp. v. Islamic Republic of Iran,* 758 F.2d 341, 346-47 (8th Cir.1985), cert. denied, 474 U.S. 948 (1985); *Citro Florida, Inc. v. Citrovale, S.A.,* 760 F.2d 1231, 1232 (11th Cir.1985); *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955, 956 (5th Cir.1974). If venue is set forth using the mandatory "shall," the clause is enforced as written and venue is found to be exclusive in the designated forum. If venue is specified with the permissive "may," or if only jurisdiction is specified, the Court must look further for language indicating the parties' intent regarding venue.

*3 Although Article 19(B) uses the permissive "may," this fact alone is not dispositive. The Court finds that the critical language is contained in the clause immediately following-"as Onkyo may elect." As such, the clause cannot be purely mandatory, as defendants contend, because it does not expressly limit venue to New Jersey. The clause is likewise not permissive, as plaintiff contends, unless the Court were to eviscerate the words "as Onkyo may elect." The Court finds that Article 19(B) could more accurately be characterized as a forum "election" clause because it explicitly grants to defendant the option to elect a forum.[FN6] By this motion, defendant has made manifest its election and opted for the courts of New Jersey. The Court is obliged to give effect to the clause, as written.

Each party has advanced additional, and extensive, arguments for and against transfer. The Court need not address those contentions in great detail. Neither party has made a substantial showing of inconvenience to parties or witnesses. In any event, the Court suggests that the very concept of "convenience" in litigation between two national corporations tends to be a somewhat moribund concept in this age of high tech communication and high speed transportation.

Plaintiff also argues the traditional presumption in favor of plaintiff's choice of forum. Ordinarily, as noted in a case approaching its fifth decade, the plaintiff's choice of forum is entitled to considerable weight. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947). However, that choice is given less weight where parties freely enter into an agreement

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1991 WL 156571 (D.Minn.)
**(Cite as: Not Reported in F.Supp.)**

containing a forum selection clause. <u>Stewart Organization,</u> 487 U.S. at 29.

Here, the parties are large commercial entities, of generally equal bargaining power, which freely entered into the agreement.<u>FN7</u> When the agreement was executed, plaintiff clearly contemplated the possibility of litigation in New Jersey by consenting to jurisdiction there and agreeing that New Jersey law would govern.<u>FN8</u> The Court here finds the forum election clause to be valid and binding, and finds no additional factors which would justify overriding the parties' privately negotiated agreement. As such, the Court finds that New Jersey is the proper venue for this case.

*Motion for Dismissal*

This Court declines to consider defendant's motion to dismiss; consideration of that motion is left to the transferee court.

*Conclusion*

Accordingly, based on the files, records, and proceedings herein, and for the reasons set forth above, IT IS ORDERED that:

Defendant's motion to transfer this action to the District of New Jersey is granted. The Clerk of Court for the District of Minnesota is directed to effect said transfer.

FN1. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiffs do not dispute that their complaint "might have been brought" in the District of New Jersey.

FN2. Article 11 of the agreement provides: "This agreement shall remain in effect for one (1) year from the date first set forth above [August 1, 1988] unless sooner terminated...."

FN3. Article 19(A) of the agreement provides that "[t]his Agreement and the performance of the parties hereunder shall in all respects be governed by and construed in accordance with the law of the State of New Jersey."

FN4. The parties discussed projections, promotion, and product shipments until August, 1990, when defendant terminated the relationship.

FN5. Article 23 of the agreement states, in pertinent part: "This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof."

FN6. Plaintiff may not rely on the title of Article 19-"Governing Law and Consent to Jurisdiction"-to interpret its meaning. Article 17 of the agreement explicitly states: "The Article headings contained herein are for reference purposes only and shall not be considered as substantive parts of this Agreement."

FN7. In the Supreme Court's most recent consideration of the subject, albeit in an admiralty context, the Court found a forum selection clause in a written contract to be reasonable and enforceable. The Court made this finding even though the parties did not negotiate the term and were clearly of unequal bargaining power. <u>Carnival Cruise Lines, Inc. v. Shute,</u> 111 S.Ct. 1522, 1527 (1991).

FN8. *See* n. 3.

D.Minn.,1991.
Best Buy Co., Inc. v. Onkyo U.S.A. Corp.
Not Reported in F.Supp., 1991 WL 156571 (D.Minn.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.